IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MCBRIDE, SR., *as personal representative of the estate of Anthony McBride, Jr.*, | ) ) ) ) | Case No. 3:16-cv-256 |
| Plaintiff, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| CRAIG PETULLA, *in his individual capacity*, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

I.  Introduction

This case arises from the late Anthony McBride, Jr.'s allegations of an Eighth Amendment violation by Defendant Craig Petulla while Mr. McBride, Jr. was an inmate at the State Correctional Institution in Houtzdale ("SCI Houtzdale"). Plaintiff alleges that Defendant was deliberately indifferent to Mr. McBride, Jr.'s medical needs after he passed out in his cell. (ECF No. 1.) Trial in this matter is currently scheduled to begin on March 9, 2020. (*See* ECF No. 45.) Presently before the Court are Defendant's Motion in Limine to Exclude Family Photographs, Any Testimony of Mr. McBride Jr.'s Good Character, and Any Testimony About the Impact of His Loss on His Loved Ones (ECF No. 55), Motion in Limine Regarding Compensatory Damages (ECF No. 56), Motion in Limine to Exclude Evidence of "Stuffed" Intercom Box (ECF No. 57), and Motion in Limine to Exclude Expert Testimony of Dr. John Setaro (ECF No. 58).

Plaintiff does not object to the exclusion of evidence of the stuffed intercom box and the limitation on compensatory damages. (ECF No. 62.) Plaintiff opposes the Motion to Exclude Dr. Setaro (ECF No. 74) and the Motion to Exclude Photographs and Testimony of Mr. McBride Jr.'s Character (ECF No. 63).

The Motions are fully briefed (ECF Nos. 55–58, 62, 63, 74, 75) and ripe for disposition. For the reasons explained below, Defendant's Motion in Limine to Exclude Family Photographs, Any Testimony of Mr. McBride Jr.'s Good Character, and Any Testimony About the Impact of His Loss on His Loved Ones (ECF No. 55) is **GRANTED** in part and **DENIED** in part, Motion in Limine Regarding Compensatory Damages (ECF No. 56) is **GRANTED**, Motion in Limine to Exclude Evidence of "Stuffed" Intercom Box (ECF No. 57) is **GRANTED**, and Motion in Limine to Exclude Expert Testimony of Dr. John Setaro (ECF No. 58) is **DENIED**.

## II. Applicable Rules of Evidence

### A. Relevant Evidence

Under Rule 402 of the Federal Rules of Evidence, relevant evidence is admissible unless the Constitution, a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Rule 401 does not set a high standard for admissibility. *Hurley v. Atl. City Police Dep't*, 174 F. 3d 95, 109–10 (3d Cir. 1999) (citation omitted). The Third Circuit has explained:

> [R]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Because the rule makes evidence relevant if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has *no* tendency to prove the fact.

*Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992) (emphasis in original) (citations and quotations omitted).

Under Rule 403, relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Rule 403 mandates a balancing test, "requiring sensitivity on the part of the trial court to the subtleties of the particular situation." *United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir. 2010). Importantly, "'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" *Carter v. Hewitt*, 617 F.2d 961, 972 n.14 (3d Cir. 1980) (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)). The Supreme Court has explained that "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180–182 (1997); *see also* Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules (stating that "unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").

B.  Expert Opinion

Under the Federal Rules of Evidence, a trial judge acts as a "gatekeeper" to ensure that "any and all expert testimony or evidence is not only relevant, but also reliable." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008) (quoting *Kannankeril v. Terminex Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997)). Therefore, when a party seeks to admit expert testimony, the Court must make a preliminary determination that the proffered expert meets the requirements of Rule 702. *Magistrini v. One Hour Martinizing Dry Cleaning*, 68 F. App'x 356, 356 (3d Cir. 2003) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993)). Rule 702 allows a qualified expert to testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702(a).

The Third Circuit has interpreted Rule 702 as having three major requirements. *Pineda*, 520 F.3d at 244. First, the proffered witness must be qualified as an expert. *Id.* Second, the expert must testify about matters requiring scientific, technical, or specialized knowledge and base his or her opinions on reliable processes and techniques. *Id.* Third, the expert's testimony must assist the trier of fact. *Id.* The party offering the expert must prove each of these requirements by a preponderance of the evidence. *Mahmood v. Narciso*, 549 F. App'x 99, 102 (3d Cir. 2013) (citing *In re TMI Litig.*, 193 F.3d 613, 663 (3d Cir. 1999)).

Rule 702 has "a liberal policy of admissibility." *Pineda*, 520 F.3d at 243 (citing *Kannankeril*, 128 F.3d at 806). Exclusion of expert testimony is the exception rather than the

rule because "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Fed. R. Evid. 702 advisory committee's note to 2000 amendment (citing *Daubert*, 509 U.S. at 595).

III. Discussion

Plaintiff does not oppose Defendant's Motion in Limine Regarding Compensatory Damages (ECF No. 56) and Motion in Limine to Exclude Evidence of "Stuffed" Intercom Box (ECF No. 57) and accordingly, those Motions are granted. The Court will discuss the other two Motions in turn.

### A. The Court Denies in Part and Grants in Part Defendant's Motion to Exclude Photographs and Testimony of Mr. McBride, Jr.'s Character

Defendant asserts that family photographs showing Mr. McBride, Jr. as a child and growing up are irrelevant because they do not make any fact regarding whether Defendant violated Mr. McBride, Jr.'s Eighth Amendment rights more or less likely. (ECF No. 55 ¶¶ 1–3.) Even if they were relevant, the photographs are inadmissible because they would cause unfair prejudice to Defendant by garnering the jury's sympathy and inflaming their passions against Defendant. (*Id.* ¶ 4.) His good character is likewise irrelevant and would be unfairly prejudicial. (*Id.* ¶ 5.) The effect that his death had on loved ones is irrelevant because damages are awarded to Mr. McBride, Jr.'s estate, not his family. (*Id.* ¶ 6.) Additionally, any testimony about how his loss affected his family would be unfairly prejudicial. (*Id.*)

Plaintiff responds that some of this evidence is relevant to the issue of damages if there is a finding of liability. (ECF No. 63 ¶ 1.) Plaintiff states that he does not intend to introduce family photographs or evidence of how the loss affected Mr. McBride, Jr.'s family. (*Id.*) However, any photographs or testimony as to when Mr. McBride, Jr. would be getting out of jail, his work experience, his goals, what type of work he did, what he intended to do upon his release from prison, and what skills, education, and training he had are relevant to the issue of damages. (*Id.*) This evidence shows his earning power, which is one part of the damages calculation. (*Id.*)

The Court holds that Plaintiff's evidence that shows what Mr. McBride, Jr. would have done upon his release from prison is relevant and admissible. Plaintiff states that he will not introduce photographs of his youth or testimony about the impact his death had on family; accordingly the Court excludes that evidence. The remaining evidence discussed is relevant to Mr. McBride, Jr.'s earnings power, which is one piece of the calculation for Plaintiff's compensatory damages. Moreover, the admission of this evidence is not unfairly prejudicial to Defendant.

Accordingly, the Court denies Defendant's Motion to the extent it seeks to exclude photographs or testimony as to when Mr. McBride, Jr. would be getting out of jail, his work experience, his goals, what type of work he did, what he intended to do upon his release from prison, and what skills, education, and training he had. The Court grants the Motion to the extent it seeks to exclude photographs of Mr. McBride, Jr.'s youth or testimony about the impact his death had on his family.

## B. The Court Denies Defendant's Motion to Exclude the Testimony of Dr. Setaro

Defendant asserts that the Court should exclude Dr. Setaro's expert opinion because it is irrelevant to the case. (ECF No. 58 ¶ 4.) Deliberate indifference claims require a higher standard of causation than medical malpractice claims because Plaintiff must show that Defendant's actions were both the actual and proximate cause of the prisoner's injuries. (*Id.* ¶¶ 4–5.) Defendant states that although Dr. Setaro is a cardiologist and qualified to offer an opinion in this case, his opinion would not be helpful to the jury. (*Id.* ¶ 7.) Dr. Setaro opines that a delay of several minutes in responding to Mr. McBride, Jr. substantially increased the risk of harm and diminished Mr. McBride, Jr.'s chance of recovering. (*Id.*) He did not testify as to whether Defendant's failure to quickly respond to Mr. McBride, Jr. was the actual and proximate cause of his death. (*Id.*) Dr. Setaro's opinion amounts to a negligence standard of care, not deliberate indifference, and an opinion on this lower standard of care would not be helpful to the jury. (*Id.* ¶¶ 10–11.) Moreover, admitting this irrelevant testimony would confuse the jury because the jury may think that negligence is the appropriate standard of care. (*Id.* ¶ 12.)

Plaintiff responds that Dr. Setaro can establish a causal link between Defendant's deliberate indifference to Mr. McBride, Jr.'s serious medical needs and the subsequent harm. (ECF No. 74 at 5.) A change in a prisoner's chance of survival is enough to show that conduct was the proximate cause of an injury in Eighth Amendment cases. (*Id.* at 6.) Plaintiff does not need to show that Defendant's deliberate indifference was a but-for cause of Mr. McBride, Jr.'s death, only that it caused him injury. (*Id.*)

The Court holds that Dr. Setaro's opinion is admissible. The parties do not question Dr. Setaro's qualifications as an expert witness or the reliability of his methodology. The issue here is whether Dr. Setaro's opinion would be helpful to the jury, which is assessed under the relevancy standard of Rule 401. Dr. Setaro's opinion is helpful to the jury because it makes it more likely that Defendant's alleged delay in responding to Mr. McBride, Jr. caused a decrease in his chance of recovery and survival. It is this decreased chance of survival that Plaintiff alleges as the injury caused in the case. Testimony about Mr. McBride, Jr.'s chance of recovery following his collapse in his cell is relevant in this case and would be helpful for the jury in assessing Defendant's liability.

Accordingly, the Court denies Defendant's Motion to Exclude.[1]

## IV. Conclusion

For the foregoing reasons, Defendant's Motion in Limine to Exclude Family Photographs, Any Testimony of Mr. McBride Jr.'s Good Character, and Any Testimony About the Impact of His Loss on His Loved Ones (ECF No. 55) is granted in part and denied in part, Motion in Limine Regarding Compensatory Damages (ECF No. 56) is granted, Motion in Limine to Exclude Evidence of "Stuffed" Intercom Box (ECF No. 57) is granted, and Motion in Limine to Exclude Expert Testimony of Dr. John Setaro (ECF No. 58) is denied.

An appropriate order follows.

---

[1] Plaintiff also argues that Defendant's Motion is really a motion for summary judgment and should be denied as procedurally defective. (ECF No. 74 at 2.) The Court has not treated the Motion as one for summary judgment and has assessed it within the confines of Rule 702.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MCBRIDE, SR., *as personal representative of the estate of Anthony McBride, Jr.*, | ) ) ) ) | Case No. 3:16-cv-256 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| CRAIG PETULLA, *in his individual capacity*, | ) ) ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 3rd day of March, 2020, upon consideration of the Motions before the Court, and in accordance with the foregoing memorandum opinion of this Court, **IT IS HEREBY ORDERED** that Defendant's Motion in Limine to Exclude Family Photographs, Any Testimony of Mr. McBride Jr.'s Good Character, and Any Testimony About the Impact of His Loss on His Loved Ones (ECF No. 55) is **GRANTED** in part and **DENIED** in part, Motion in Limine Regarding Compensatory Damages (ECF No. 56) is **GRANTED**, Motion in Limine to Exclude Evidence of "Stuffed" Intercom Box (ECF No. 57) is **GRANTED**, and Motion in Limine to Exclude Expert Testimony of Dr. John Setaro (ECF No. 58) is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE